UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM ROACH,

          Plaintiff,

  vs.

BEN CURRY, VELMA RASO, L. J. TALKINGTON, and DOES 1-10,

          Defendants.

                           /

No. C 08-2794 PJH (PR)

**ORDER OF DISMISSAL**

      Plaintiff, a prisoner at the Correctional Training Facility in Soledad, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

      Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. See 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

On August 26, 2007, plaintiff attempted to mail a request for an extension of time to the California Court of Appeal by turning it over to prison authorities for mailing. It was returned by the post office when the prison put insufficient postage on it. He contends that his state habeas petition was denied as a result. A motion to reconsider and a petition for review in the California Supreme Court were denied. He then raised the same issues in a new habeas petition in the California Supreme Court, where it is now pending.

Plaintiff filed an inmate appeal (grievance) which was denied by defendant Talkington. Talkington told him that the mistake was caused by faulty software in the prison's postage meter, which had failed to properly adjust for a postal rate increase. Defendants Curry, the Warden, and Raso, the associate warden, gave the same explanation. The most recent rate increase had been on May 14, 2007, more than three months before.

Because plaintiff's state petition is still pending in state court, it is possible that he will receive the relief he asks for, and even if he does not it is not obvious that he will have

suffered any injury from losing the chance to have the California Court of Appeal, rather than the California Supreme Court, be the first appellate court to consider his petition. In any case, he has not suffered any injury yet, so this complaint is premature. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (standing requires injury).

In addition, the individual defendants who are sued by name were involved only in the processing of plaintiff's grievances. By the time they were involved any constitutional violation – presumably of his right of access to the courts – was complete, so their actions did not violate that right. And although there certainly is a right to petition government for redress of grievances (a First Amendment Right), there is no right to a response or any particular action, so there was no independent violation in their giving him the answers they did. *See Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). Thus the named defendants' failure to uphold his grievance, and their possible misrepresentation regarding the cause of the problem, was not a constitutional violation, and plaintiff has failed to state a claim against them. Ordinarily the claims might be dismissed with leave to amend, but in view of the fact that the complaint also is premature, as discussed above, it instead will be dismissed without prejudice.[1]

## CONCLUSION

For the foregoing reasons, the case is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 28, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\ROACH2794.DSM.wpd

---

[1] It is also possible that the complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), in which the Supreme Court held that a Section 1983 suit in which success would necessarily imply the invalidity of a conviction or of plaintiff's confinement cannot be pursued until the conviction or confinement is declared invalid in an appropriate action, usually a habeas case, state or federal. This point need not be resolved here in light of the other grounds for dismissal.

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM ROACH,

        Plaintiff,

  v.

BEN CURRY et al,

        Defendant.

Case Number: CV08-02794 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Roach T-83929
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960

Dated: July 29, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk